IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION MEDINA,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. D. HARTLEY, et al.,<br><br>          Defendants. | 1:08-cv-01753-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 9.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On May 25, 2010, the court issued an order dismissing plaintiff's complaint with leave to file an amended complaint within thirty days. (Doc. 9.) The thirty-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.[1]

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 2008. Plaintiff's failure to respond to the Court's order may reflect

---

[1] The United States Postal Service returned the order on June 4, 2010 as undeliverable. A notation on the envelope indicates that plaintiff is no longer at Avenal State Prison. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1

1  Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend
2  its scarce resources assisting a litigant who will not help himself by submitting an amended complaint.
3  Thus, both the first and second factors weigh in favor of dismissal.

4  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
5  itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk
6  that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file
7  an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

8  As for the availability of lesser sanctions, at this stage in the proceedings there is little available
9  to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
10  unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action,
11  making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion
12  of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this
13  case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of
14  dismissal with prejudice.

15  Finally, because public policy favors disposition on the merits, this factor will always weigh
16  against dismissal. Id. at 643.

17  Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
18  plaintiff's failure to obey the court's order of May 25, 2010.

19  These findings and recommendations are submitted to the United States District Judge assigned
20  to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being
21  served with these findings and recommendations, plaintiff may file written objections with the court.
22  Such a document should be captioned "Objections to Magistrate Judge's Findings and
23  Recommendations." Plaintiff is advised that failure to file objections within the specified time may
24  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25
26  IT IS SO ORDERED.
27  **Dated:   July 16, 2010**           **/s/ Gary S. Austin**
28
2

UNITED STATES MAGISTRATE JUDGE

3